IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Asbestos Products Liability Litigation (No. VI) | Civil Action No. MDL 875 |
| Carroll W Enos, <br><br> Plaintiff, <br><br> v. <br><br> The Anchor Packing Company, Coltec Industries, General Electric Company, Georgia Pacific Corporation, John Crane Inc., Owens Illinois Incorporated, Rhone Poulenc AG Company, Union Carbide Corporation, and Uniroyal Inc., and CBS Corporation, <br><br> Defendants. | PA-ED Case No. 10-CV-61422 <br><br> (*WI-WD Case No. 94-0799*) <br><br> FILED <br> MAY 28 2010 <br> MICHAEL E. KUNZ, Clerk <br> By_____Dep. Clerk |

### SEVERED AND AMENDED COMPLAINT

Now comes the plaintiff, Carroll W Enos, (hereinafter "Plaintiff"), by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of defendants as follows:

### JURISDICTION

1. Plaintiff, Carroll W Enos, is an adult citizen of Wisconsin and plaintiff lives in Eleva, Wisconsin.

2. Plaintiff worked with asbestos at various job sites in the state of Wisconsin during his career as a Pipefitter And Welder.

3. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each

defendant.

4. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

5. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

6. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

7. Plaintiff during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by defendants.

8. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

9. Plaintiff became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

10. As a direct and proximate result of the conduct of defendants, Plaintiff developed and has been diagnosed with asbestos disease.

11. Plaintiff suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

12. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

13. It was reasonably foreseeable by defendants that Plaintiff and other workers would be

working with or in the proximity of defendants' asbestos products.

14. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

15. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death, and that Plaintiff did not know that asbestos products were dangerous or harmful.

16. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

17. As a direct and proximate result of the acts and omissions of the defendants above, plaintiff was injured as described above.

## COUNT 2 – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

18. This cause of action is asserted against the manufacturing and supplying defendants.

19. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

20. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

21. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

22. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

23. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT 3 – DECLARATORY JUDGMENT

24. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

25. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

26. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: May 27, 2010

/S/ Michael P. Cascino (validation code: MPC8199)
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

Exhibit A
**Defendants' Home States and Principal Places of Business**

| Defendant | State Hdq | State Princ Bus |
|---|---|---|
| The Anchor Packing Company | Delaware | Texas |
| Coltec Industries | Foreign | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Georgia Pacific Corporation | Delaware | Georgia |
| John Crane Inc. | Delaware | Illinois |
| Owens Illinois Incorporated | Delaware | Ohio |
| Rhone Poulenc AG Company | New York | Pennsylvania |
| Union Carbide Corporation | New York | Texas |
| Uniroyal Inc. | New Jersey | New Jersey |
| CBS Corporation | Delaware | Pennsylvania |

## EXHIBIT B
## Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Falls Dairy | Tim Falls | WI | 1970 | 1980 |
| Nestle | Eau Claire | WI | 1980 | 1990 |
| Northern Wisconsin Training Center | Chippewa Falls | WI | 1970 | 1980 |
| Pope and Talbit Paper Co. | Eau Claire | WI | 1980 | 1990 |
| St Joseph Hospital | Chipperwa Falls | WI | 1990s | 1990s |
| Uniroyal | Eau Claire | WI | 1960 | 1980 |

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2010, I delivered a hard copy of the foregoing and copy on CD by FedEx Standard Overnight to the Clerk of the United States District Court for the Eastern District of Pennsylvania, and I mailed by United States Postal Service, regular mail, copies to the following:

*Attorney for Anchor Packing Company, Coltec, Georgia-Pacific, Owens-Illinois and Uniroyal Inc.*
Michael W. Drumke
Schiff Hardin LLP
Sears Tower - Suite 6600
233 South Wacker Drive
Chicago, Illinois 60606

*Attorney for General Electric*
R. Timothy Muth
Reinhart, Boerner, Van Deuren
1000 North Water Street
Suite 2100
Milwaukee, WI 53202

*Attorney for General Refractories*
David B Bartel
Quarles & Brady LLP
411 E Wisconsin Ave - Ste 2040
Milwaukee, WI 53202-4497

*Attorney for Rhone-Poulenc*
Mark M Velguth
Foley & Lardner LLP
777 E Wisconsin Ave
Milwaukee, WI 53202-5300

*Attorney for CBS Corporation*
Michael D. Rosenberg
Foley & Lardner
777 E Wisconsin Ave - Ste 3800
Milwaukee, WI 53202

*Attorney for John Crane Inc.*
Daniel Jardine
Jardine Law Office
119 South Main Street
DeForest, WI 53532

s/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
(312) 944-0600
mcascino@cvlo.com